# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

| | |
|---|---|
| INTERSTATE ASPHALT HOLDINGS LLC, a Delaware limited liability company, | Case No. 4:20-cv-12755-MFL-KGA |
| | Hon. Matthew F. Leitman |
| Plaintiff, | |
| v. | |
| ROCKY SPRY, an individual and sole proprietor, d/b/a Interstate Asphalt, | |
| Defendant. | |

Scott R. Murphy (P68015)
Jonathan P. Froemel
Kathleen Fennessy
BARNES & THORNBURG LLP
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, Michigan 49503
Telephone: 616-742-3930
Facsimile: 616-742-3999

_____/

## *EX PARTE* VERIFIED MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT ROCKY SPRY

Plaintiff, Interstate Asphalt Holdings, LLC ("Interstate Asphalt" or "Plaintiff"), by and through its undersigned counsel, hereby files this *ex parte* motion (the "Motion") for entry of an order approving alternative service pursuant to Federal

Rule of Civil Procedure 4(e)(1), permitting alternative service of the October 9, 2020 Summons[1] and Complaint on Defendant, Rocky Spry, an individual and sole proprietor d/b/a Interstate Asphalt ("Defendant"). In support of this Motion, Interstate Asphalt states as follows:

1. This Court should permit alternative service of the summons and complaint on Defendant, because Plaintiff has tried unsuccessfully to serve him personally seven times as otherwise shown by the accompanying Affidavit of Process Server[2] and Change of Address Request Form,[3] thus making personal service impracticable.

2. This Court should permit alternative service of the summons and complaint on Defendant, because the proposed alternative service is reasonably calculated to give notice and an opportunity to be heard in this action, thus, meeting the basic procedural due process requirements.

3. Between October 12, 2020 and October 23, 2020 Plaintiff's Process Server attempted seven times on seven different days to serve Defendant personally at his last known address, 100 W. Big Beaver Rd., Suite 200, Troy, MI 48084-4122.[4]

---

[1] Exhibit A, 10/09/20 Summons.
[2] Exhibit B, 11/17/20 Affidavit of Eric Fluegge [Fluegge Affidavit].
[3] Exhibit C, 10/12/20 Request for Change of Address or Boxholder Information.
[4] Exhibit B, Fluegge Affidavit, para. 5-11.

2

DMS 18561474.3

4. Plaintiff's Process Server was unsuccessful in serving Defendant during each attempt where Defendant was not present at the last known address, Defendant was unable to be reached at his address by phone, and the Process Server was unable to locate any supplementary verifiable location information for Defendant.[5]

5. As a result, personal service is impracticable.

6. However, the proposed alternative service described below is reasonably calculated to notify Defendant of the action and give him an opportunity to be heard.

THEREFORE, PLAINTIFF INTERSTATE ASPHALT HOLDINGS, LLC respectfully requests this Court to:

A. Grant its motion.

B. Permit Interstate Asphalt to serve Defendant by alternative service, including leaving a copy of the summons and complaint with the receptionist at Defendant's last known address noted above with instructions to deliver to Rocky Spry, mailing a copy of the same by certified mail (return receipt requested) to the Defendant's last known address noted above, and mailing a copy of the same by first class mail.

---

[5] Exhibit B, Fluegge Affidavit, para. 5-11.

DMS 18561474.3

Dated:  December 3, 2020            Respectfully submitted,

                                                        INTERSTATE ASPHALT HOLDINGS LLC

                                                        /s/ Scott R. Murphy
                                                              Scott R. Murphy
                                                              Jonathan P. Froemel
                                                              Kathleen Fennessy
                                                        BARNES & THORNBURG LLP
                                                        171 Monroe Avenue N.W., Suite 1000
                                                        Grand Rapids, Michigan 49503
                                                        Telephone: 616-742-3930
                                                        Facsimile: 616-742-3999

                                                        *Attorneys for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

| | |
|---|---|
| INTERSTATE ASPHALT HOLDINGS LLC, a Delaware limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>ROCKY SPRY, an individual and sole proprietor, d/b/a Interstate Asphalt,<br><br>          Defendant. | Case No. 4:20-cv-12755-MFL-KGA<br><br>Hon. Matthew F. Leitman |

## BRIEF IN SUPPORT OF *EX PARTE* VERIFIED MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT ROCKY SPRY

Plaintiff, Interstate Asphalt Holdings, LLC ("Plaintiff" or "Interstate Asphalt"), by and through its undersigned counsel, and in support of its *ex parte* Motion for Alternative Service, states as follows:

This Court should permit alternative service of a copy of the summons and complaint on Defendant, Rocky Spry, pursuant to Federal Rule of Civil Procedure 4(e)(1) and Rule 2.105 of the Michigan Court Rules, because personal service is impracticable, and the proposed alternative service is reasonably calculated to give

Defendant notice and an opportunity to be heard in this action, thus, satisfying the basic dues process requirements.

Federal Rule of Civil Procedure 4(e)(1) governs service of an individual, and in relevant part provides that:

> [A]n individual . . . may be served in a judicial district court of the United States by . . . following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made.

Fed. R. Civ. P. 4(e)(1).

The applicable law in the State of Michigan provides a means for alternative service of process. Michigan Court Rule 2.105 governs service of process and provides in relevant part that where personal service is impracticable, the Court has the discretion to permit alternative service:

> (1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> (2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must

2

state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs. (3) Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. R. 2.105(I).

Under these legal standards, personal service in this case is impracticable, and alternative service is appropriate under the Michigan Court Rules. "A truly diligent search for an absentee defendant . . . [can] supply a foundation for and legitimacy to the ordering of substituted service." *Commc'ns Supply Corp. v. Philadelphia Indem. Ins. Co.*, No. 17-CV-11200, 2017 WL 2681698, at *2 (E.D. Mich. June 21, 2017) (quoting *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981)). In *Communications Supply Corp.*, Plaintiff, Communications Supply Corporation ("CSC"), made three unsuccessful attempts to personally serve the resident agent of defendant at his registered office and commercial office. *Id.* at 1. CSC sought alternative service in the form of leaving a copy of the summons and compliant with the receptionist at the office building of Defendant. *Id.* This Court found it proper to grant the requested alternative service because CSC had supported its motion through its diligent attempts to personally serve Defendant, and the method of

3

alternative service satisfied the requirements of Michigan law. *Id.* at 2. Similarly, here, Interstate Asphalt's Process Server has diligently made seven unsuccessful attempts between October 12, 2020 and October 23, 2020 to serve Defendant at his last known address. Additionally, as in *Communications Supply Corp.*, Interstate Asphalt's request for alternative service complies with Michigan law and would provide Defendant with notice and an opportunity to be heard.

On October 12, 2020, at 5:10 PM, Plaintiff's Process Server made the first unsuccessful attempt to serve Defendant personally at his last known address, 100 W. Big Beaver Rd. Suite 200, Troy, MI 48084-4122, which is an office building where Defendant has an office.[6] Following the unsuccessful attempt, Plaintiff's Process Server attempted to obtain supplemental location information on Defendant through "[p]eople finder databases and skip tracing efforts [which] yielded no updated or verifiable location information" on Defendant.[7] Additionally, Plaintiff's Process Server filed a "Request for Change of Address or Boxholder Information Needed for Service of Legal Process" form to attempt to obtain an update to Defendant's address.[8] Plaintiff's Process Server made his second unsuccessful attempt the next day, on October 13, 2020, at 1:27 PM, at the same address.[9] During

---

[6] Exhibit B, Fluegge Affidavit, para. 5-6.
[7] *Id.*
[8] Exhibit C, 10/12/20 Request for Change of Address or Boxholder Information.
[9] Exhibit B, Fluegge Affidavit, para. 6.

this October 13th attempt, Plaintiff's Process Server confirmed with the receptionist of the building that the office was a shared office space where Defendant had an office at the address, "but was not in today . . . [and] does not have a set schedule."[10] On October 14, 2020, at 12:49 PM, Plaintiff's Process Server made another unsuccessful attempt to serve Defendant at the office address and received information from the receptionist that Defendant was "in the system but [had] no good phone number," and an email address listed.[11] On October 16, 2020, at 9:11 AM, and on October 19, 2020 at 12:20 PM, Plaintiff's Process Server made two more unsuccessful attempts to serve Defendant personally, but Defendant was not in the office with the Process Server confirming with the receptionist that Defendant was not in the office.[12] Plaintiff's Process Server left a business card to include with Defendant's mail at the office on both the October 16th and 19th attempts.[13] On October 21, 2020, at 1:50 PM, Plaintiff's Process Server made another unsuccessful attempt to serve Defendant, but Defendant was not in the office.[14] Plaintiff's Process Server was able to confirm with the receptionist that on October 21, 2020 Defendant had not been in the office to pick up his mail.[15] Plaintiff's Process Server left another

---

[10] *Id.*
[11] Exhibit B, Fluegge Affidavit, para. 7.
[12] Exhibit B, Fluegge Affidavit, para. 8-9.
[13] *Id.*
[14] Exhibit B, Fluegge Affidavit, para. 10.
[15] *Id.*

5

business card to be put in Defendant's mailbox.[16] During Plaintiff's Process Server's final attempt to serve Defendant on October 23, 2020, at 9:39 AM, the Defendant was not in the office per the receptionist, but the Defendant's mailbox was empty.[17] Thus, Plaintiff, through its Process Server, has tried diligently to serve Defendant personally seven times at different times of the day without success, and Defendant appears to have picked up mail, including the Process Server's business card.

Despite the diligent efforts of the Plaintiff's Process Server, Interstate Asphalt has been unable to personally serve a copy of the summons and complaint. Plaintiff as a result requests alternative service pursuant to the Federal Rules of Civil Procedure and the Michigan Court Rules. Accordingly, Plaintiff's proposed alternative service is reasonably calculated to notify Defendant of this action and provide a hearing opportunity. Thus, an order for alternative service is appropriate, necessary, and is within this Court's discretion.

THEREFORE, PLAINTIFF INTERSTATE ASPHALT, LLC respectfully requests this Court to: (1) grant its motion; and (2) permit Plaintiff to serve Defendant by alternative service, including leaving a copy of the summons and complaint with the receptionist at Defendant's office building with instructions to deliver to Rocky Spry, mailing a copy of the same by certified mail (return receipt

---

[16] *Id.*
[17] Exhibit B, Fluegge Affidavit, para. 11.

6

requested) to the Defendant's address noted above, and mailing a copy of the same by first class mail to the Defendant's address noted above.

Dated: December 3, 2020

Respectfully submitted,

INTERSTATE ASPHALT HOLDINGS LLC

*/s/ Scott R. Murphy*
    Scott R. Murphy
    Jonathan P. Froemel
    Kathleen Fennessy
BARNES & THORNBURG LLP
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, Michigan 49503
Telephone: 616-742-3930
Facsimile: 616-742-3999

*Attorneys for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2020 a copy of the foregoing pleading was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Dated: December 3, 2020                    INTERSTATE ASPHALT HOLDINGS LLC

*/s/ Scott R. Murphy*
          Scott R. Murphy
          Jonathan P. Froemel
          Kathleen Fennessy
BARNES & THORNBURG LLP
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, Michigan 49503
Telephone: 616-742-3930
Facsimile: 616-742-3999

*Attorneys for the Plaintiff*