UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERSTATE ASPHALT
HOLDINGS LLC, a Delaware
limited liability company.,

      Plaintiff,                        Case No. 20-cv-12755
                                                Hon. Matthew F. Leitman

v.

ROCKY SPRY, an individual and
sole proprietor

      Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATE SERVICE OF PROCESS ON DEFENDANT ROCKY SPRY (ECF No. 5)

On October 9, 2020, Plaintiff Interstate Asphalt Holdings LLC ("Interstate Asphalt") filed this action against Defendant Rocky Spry. (*See* Compl., ECF No. 1.) Interstate Asphalt's process server Eric Fluegge then attempted to serve Spry personally seven times on seven different dates between October 12, 2020, and October 23, 2020.  Each attempt was at Spry's last known address: 100 W. Big Beaver Rd., Suite 200, Troy, MI 48084-4122.4. (*See* Fluegge Aff., ECF No. 5-3, PageID.102-103.)  None of Fluegge's attempts to serve Spry were successful.

On December 3, 2020, Interstate Asphalt filed an *ex parte* motion in which it requests that the Court allow it to serve Spry via substituted service. (*See* Mot., ECF

No. 5.)   In a sworn affidavit supporting Interstate Asphalt's motion, Fluegge described what occurred during each of the seven unsuccessful service attempts on Spry. Fluegge first attempted to serve Spry on October 12, 2020. (*See* Fluegge Aff., ECF No. 5-3, PageID.102.)   Service was unsuccessful, so Fluegge used "[p]eople finding databases and skip tracing efforts" in an effort to locate Spry. (*Id*.)   Those sources "yielded no updated or verifiable location information" for Spry. (*Id.*) Fluegge next tried to serve Spry on October 13, 2020, at 1:27 p.m. (*See id.*) During this second attempt, Fluegge confirmed that Spry did in fact have an office at his last known address (at which Fluegge was trying to serve him). (*See id.*)   Fluegge unsuccessfully attempted to serve Spry for a third time on October 14, 2020, at 12:49 p.m.[1] (*See id.*)   Fluegge unsuccessfully attempted to serve Spry for the fourth time on October 16, 2020, at 9:11 a.m. (*See id.*)   This time, Fluegge left his business card for Spry. (*See id.*)   On October 19, 2020 at 12:20 p.m., Fluegge unsuccessfully attempted to serve Spry for the fifth time. (*See id*.) This time, Fluegge again left his business card so that it could be included with Spry's mail. (*See id.*)   On October 21, 2020, at 1:50 pm, Fluegge unsuccessfully attempted to serve Spry for the sixth time. (*See id.*)   The receptionist told Fluegge that Spry had not been in the office for a few

---

[1] On October 14, 2020, the receptionist told Fluegge that the company in whose name Spry operated did not have a permanent office in the building and that she did not have a good phone number for that company. (*See id.*) But as described above, during several of Fluegge's other interactions with the receptionist(s) at the building, the receptionists said or acted as if Spry did have an office in the building.

days to pick up mail, and Fluegge left another business card to be included with Spry's mail. (*See id.*)  Finally, Fluegge unsuccessfully attempted to serve Spry on October 23, 2020, at 9:39 a.m. (*See id.,* PageID.103.)  The receptionist told Fluegge that Spry was not in the office, but his mailbox was empty (suggesting that he had been in the office recently and had picked up the papers that Fluegge had left for him). *(See id.*)  Fluegge then left another business card for Spry. (*See id.*)

Interstate Asphalt now seeks the Court's permission to complete service of Spry by 1) leaving a copy of the summons and Complaint with the receptionist at 100 W. Big Beaver Rd., Suite 200, Troy, MI 48084, with instructions to deliver to those documents to Spry, (2) mailing a copy of the summons and Complaint to Spry by certified mail to 100 W. Big Beaver Rd., return receipt requested, and (3) mailing a copy of the summons and Complaint to Spry by first class mail to 100 W. Big Beaver Rd.  (*See* Mot., ECF No. 5, PageID.94-95.)

Federal Rule of Civil Procedure 4(h)(1) provides in relevant part that "a domestic or foreign corporation … must be served ... in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant."  In turn, Federal Rule of

3

Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made."

Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

> 1. delivering a summons and a copy of the complaint to the defendant personally; or
>
> 2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A)(1)-(2).

Michigan Court Rule 2.105(I) further provides that substituted service may be appropriate under some circumstances:

> 1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> 2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it

4

is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

3. Service of process may not be made under this subrule before entry of the court's order permitting it.

M.C.R. 2.105(I).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

Here, the Court concludes that Interstate Asphalt's motion, supported by the affidavit of its process server Fluegge, satisfies the requirements for substituted service under Michigan Court Rule 2.105(I) and Michigan law. As described above, Fluegge unsuccessfully attempted to serve Spry at his last known address seven times. Fluegge also attempted to find an alternate phone number and email address to serve Spry at, and Fluegge left Spry multiple business cards. Thus, Interstate Asphalt has acted with diligence in its attempt to serve Spry. Moreover, the three ways in which Interstate Asphalt requests to serve Spry, when considered

collectively, appear "reasonably calculated to give [Spry] actual notice of the proceedings and an opportunity to be heard." M.C.R. 2.105(I).

Accordingly, for all the reasons stated above, Interstate Asphalt's *ex parte* motion for substituted service (ECF No. 5) is **GRANTED** as follows: Interstate Asphalt shall serve Spry with a copy of (1) a summons, (2) the Complaint, and (3) this Order by the three following methods:

- Leaving the summons, Complaint, and this Order with the receptionist at 100 W. Big Beaver Rd., Suite 200, Troy, MI 48084, with instructions to deliver those documents to Spry;

- Mailing the summons, Complaint, and this Order to Spry at 100 W. Big Beaver Rd., Suite 200, Troy, MI 48084, via certified mail, return receipt requested; and

- Mailing the summons, Complaint, and this Order to Spry at 100 W. Big Beaver Rd., Suite 200, Troy, MI 48084, via first class mail.

Interstate Asphalt shall also file a Certificate of Service with the Court after it serves Spry as directed in this Order.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 14, 2020

6

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 14, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761