UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERSTATE ASPHALTHOLDINGS LLC,

      Plaintiff,                        Civil Action No. 20-cv-12755
                                             Hon. Matthew F. Leitman

    v.

ROCKY SPRY, D/B/A Interstate Asphalt,

      Defendant.

---

### ORDER GRANTING PRELIMINARY AND PERMANENT INJUNCTION

THIS MATTER IS BEFORE THE COURT on Plaintiff's Motion for Preliminary and Permanent Injunction, this Court **GRANTS** Plaintiff's motion and orders that Defendant is hereby immediately enjoined as set forth below.

1. Defendant and its successors, affiliates, assigns, officers, directors, agents, employees, and all persons or entities in active concert, participation, or privity with any of them, are preliminarily and permanently enjoined, pursuant to 15 U.S.C. §1116 and applicable state laws, from:

    a. Using "INTERSTATE ASPHALT," and the following INTERSTATE ASPHALT Shield logo:



1

including all formative variations, or any other names, marks or slogans in connection with asphalt and related goods and services that are likely to cause confusion, mistake or deception with respect to INTERSTATE ASPHALT and INTERSTATE ASPHALT & Shield Design marks as pled in Plaintiff's complaint ("Plaintiff's Marks");

b. Operating under any domain name or social media accounts containing the "INTERSTATE ASPHALT" and the INTERSTATE ASPHALT and shield logo (the "Infringing Marks") or Plaintiff's Marks, including all formative variations, or any other names, marks or slogans;

c. Advertising and operating or participating on any third-party sites using the Infringing Marks to offer asphalt or related goods or services, including but not limited to Porch, Home Advisor, Yelp, and Angie's List;

d. Doing any other act or thing likely to induce the mistaken belief that Defendant or Defendant's marketing and sale of asphalt goods and services ("Defendant's Goods & Services") are in any way affiliated, connected, or associated with Plaintiff or its goods and services, or doing any other act or thing likely to cause confusion with respect to the Plaintiff's Marks;

    e.   Trading on the goodwill associated with the Plaintiff's Marks and passing off its goods and services as those of Plaintiff or as related to Plaintiff's marketing and sale of asphalt goods and services ("Plaintiff's Goods & Services");

    f.   Injuring Plaintiff's business reputation and the goodwill associated with the Plaintiff's Marks.

2.    Pursuant to 15 U.S.C. § 1118, Defendant is ordered to deliver up for destruction all materials bearing its Infringing Marks or any confusingly similar marks, including but not limited to labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under the control of Defendant.

3.    Defendant is ordered to recall from all customers, vendors, sales people, and authorized agents all materials bearing its Infringing Marks or any confusingly similar marks, including but not limited to, product packaging, brochures, advertisements, promotions, yard signs, decals, and all other matter bearing Defendant's Infringing Marks.

4.    Defendant is ordered to notify all customers, vendors, sales people, and authorized agents to whom he has communicated the Infringing Marks of this Judgment.

5.  Defendant is ordered to surrender and transfer to Plaintiff all domain names and/or social media accounts containing the Infringing Marks or Plaintiff's Marks, including all formative variations, or any other names, marks or slogans.

6.  Defendant is ordered to close any and all accounts on third party sites where it uses the Infringing Marks, including but not limited to Yelp, Porch, Angie's List, and Home Advisor and be ordered to assist Plaintiff, if needed, in working with third-party sites to remove all content displaying or referencing in any way the Infringing Marks and/or Plaintiff's Marks.

7.  Pursuant to 15 U.S.C. § 1116, Defendant is directed to file with this Court and to serve on Plaintiff, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

8.  Defendant is directed to provide a complete accounting to Plaintiff for any and all profits realized from the sale of goods and services bearing Defendant's Infringing Marks from inception through the date of the injunction.

/s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 1, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764